BRISCOE, Circuit Judge,
concurring:
I concur in the result, but write separately to outline why, in my view, the district court acted within its discretion in admitting plaintiffs evidence regarding other tractor rollover accidents.
On January 3, 2000, approximately one week prior to trial, defendants filed a motion in limine asking the district court “to enter an order excluding any testimony, evidence or reference by counsel to the following matters: I. Dissimilar accidents or statistics regarding other roll-over accidents; II. Expert opinion testimony by plaintiffs expert, John B. Sevart, P.E.” App. at 111. With regard to the first matter, defendants asked the court “to *1241 exclude any testimony or evidence concerning other accidents or statistics concerning roll-over injuries or fatalities since the plaintiff cannot show the requisite ‘substantial similarity’ foundational elements.” Id. at 113 (citing Fed.R.Evid. 401, 402, 403 and 802). With respect to the second matter, defendants asserted they were never provided with “an expert report from Sevart as required by Rule 26(a)(2).” Id. at 113. Accordingly, defendants asked the district court to exclude all of Sevart’s testimony in order “to avoid unfair surprise and prejudice.” Id. at 114.
The district court addressed defendants’ motion in limine, along with various other pretrial motions, on the first day of trial. The district court denied defendants’ request to exclude Sevart’s testimony in its entirety. Id. at 203 (“The motion to prohibit his testimony because of the lack of a report will be denied.”). The district court then addressed the portion of defendants’ motion “regarding] dissimilar accidents or statistics.” Id. Although the record on this point is not completely clear, there is some indication that the district court focused solely on the testimony of Sevart, since he was appearing by videotaped deposition and the court had reviewed his testimony prior to the hearing. See id. (“In this case, I have the benefit of the witness’s testimony since he is going to appear by deposition and he can’t change what he’s already said.”). The district court ruled that evidence of other tractor rollover accidents was relevant and admissible for purposes of demonstrating that defendants had notice of potential defects in the tractor/mower purchased by the decedent. In reaching this conclusion, the district court stated:
I agree that this testimony is permissible to show notice. It does not go into any detail, and to the extent that it does, the testimony itself makes clear that the accidents and incidents are not the same as the one in this case but as far as the rollover statistics, I think they are relevant and more probative than prejudicial and they will be permitted.
Id. Later in the same hearing, the district court briefly revisited the issue, stating to defense counsel:
You also seek to exclude nonexistence of other similar incidents. I am permitting testimony regarding similar incidents to show notice and I am likewise going to permit evidence of no other similar incidents to show lack of notice. If you have an objection to the witness’s — to the foundation of this at the time that it’s being entered, you may assert that.
Id. at 207-08.
There is now an intra-panel dispute concerning the district court’s treatment of the defendants’ motion. In Judge Murphy’s view, the district court treated the defendants’ motion as a challenge only to Sevart’s ability to testify concerning the statistical evidence. Judge Crow, in contrast, believes the district court made a more general ruling, permitting statistical evidence in general to be admitted.
In my view, the reality lies somewhere between these two positions. Because plaintiff presented Sevart’s testimony by videotaped deposition, and because the district court was able to view that testimony prior to ruling on the motion in limine, it seems reasonable to conclude that the district court intended to make a definitive ruling with respect to Sevart’s testimony, i.e., to permit Sevart to testify about the Arndt article and about his own investigation of tractor/mower rollovers, and to tentatively allow plaintiffs other experts to testify about similar statistics and/or accidents, subject to defendants objecting to such testimony during trial. • However, the issue did not arise again because defendants never raised any specific objections at trial.
*1242 The question, then, is whether the district court abused its discretion in making these rulings. In Smith v. Ingersoll-Rand Co., 214 F.3d 1235, 1246 (10th Cir.2000), we emphasized that “[t]he precise degree of similarity required to ensure the relevance of another accident depends on the theory of defect underlying the case.” Thus, we noted, “a high degree of similarity” is required “when plaintiffs offer other accident evidence to prove causation in their case,” but a “lesser degree of similarity” is required “when evidence of other accidents is offered to show the defendant had notice of potential defects in its product.” Id. at 1246-47.
I am persuaded the district court acted within its discretion in ruling on the admissibility of Sevart’s testimony. Defendants essentially denied that the mower at issue was susceptible to rollovers, and plaintiffs purpose in introducing the statistical evidence was to show defendants had notice that the mower could, in fact, roll over. The district court specifically recognized this and, despite its awareness that the statistical evidence cited by Sevart arose from accidents that were not identical to the one at issue, it concluded the evidence was relevant and more probative than prejudicial. This does not, in my view, rise to the level of being “arbitrary, capricious, whimsical, or manifestly unreasonable.” [1] Coletti v. Cudd Pressure Control, 165 F.3d 767, 777 (10th Cir.1999).
In reaching this conclusion, I disagree with Judge Murphy’s assumption that plaintiff failed to establish the substantial similarity of the tractor rollovers reported in the Arndt article. Although defendants have not included in their appendix a copy of plaintiffs response to their motion in limine, the district court docket sheet indicates that plaintiff in fact filed such a response on January 7, 2000. Further, we know from the record that the district court reviewed Sevart’s videotaped deposition, which included Sevart’s explanation of why he believed the Arndt article was relevant. Lastly, it is clear from the record that the district court concluded the Arndt statistics were relevant and admissible. Based upon these facts, as well as the district court’s ruling on defendants’ motion in limine, I am persuaded that plaintiff did, in fact, establish the substantial similarity of the Arndt statistics, at least to the satisfaction of district court.
That leaves only the district court’s ruling tentatively allowing plaintiffs other experts to testify about similar accidents and/or statistics. On this point, I again conclude there was no abuse of discretion on the part of the district court. As noted in the majority opinion, defendants’ motion in limine gave no details about the specific evidence defendants wanted to prohibit. Thus, tentatively denying defendants’ motion was the most prudent approach for the district court. More specifically, the ruling allowed defendants the opportunity to object at trial, and afforded the district court the opportunity to make a more detailed and context-specific ruling at that time. However, the court was not required to revisit the issue because defendants never raised any further objections.

. I also agree with Judge Murphy that the majority opinion in Kinser v. Gehl Co., 184 F.3d 1259 (10th Cir.1999), provides an alternate basis for affirming the district court's decision to admit Sevart’s testimony.